## HENDERSON v. THE STATE.

No. 7692. JULY 19, 1930.

*E. L. Grantham,* for plaintiff in error.

*George M. Napier, attorney-general, Allen B. Spence, solicitor-general, T. R. Gress, assistant attorney-general,* and *Chastain & Henson,* contra.

HILL, J. ■ The grand jury of Coffee County returned a true bill against John Henderson, Lucius Paulk, David Cockfield, and Albert Polk, for the murder of Robert McQueen, who was alleged to have been murdered on September 23, 1929, in Coffee County, "by shooting the said Robert McQueen with a certain rifle, pistol, and gun which the said John Henderson, Lucius Paulk, David Cockfield, and Albert Polk then and there held," etc. The jury trying John Henderson returned a verdict of guilty, with a recommendation that he be imprisoned in the penitentiary for life. He made a motion for new trial, which was overruled, and he excepted. The evidence for the State tended to show that the homicide for which movant was convicted occurred near Reedy Creek bridge in Coffee County; that Robert McQueen, together with his wife, Clara McQueen, his sister, and his brother-in-law, were returning to their homes in an automobile truck, and as they reached Reedy Creek

bridge John Henderson was seen by Clara McQueen, standing on the left side of the road with a gun in his hand. As the car of the deceased approached the bridge Clara McQueen saw John Henderson waving his hand at the occupants of the truck, and she suggested to the deceased, who was driving, that he "slow down" the car, as Henderson might want to ride. The deceased did so. Henderson was on the left side of the road, and the deceased was on the left side of the car. Several shots were fired from both sides of the road; the tire on the rear wheel of the car on the left side and the tire on the front wheel on the right side were punctured. At the time of the shots the deceased slumped over on the shoulder of his wife, who sat next to him, and lost control of the car, having been shot in the face and head. The doctor who examined him stated that he died from gunshot wounds produced from number 4 shot, probably fired from a shotgun. His wife caught the steering-wheel and prevented the car, which had run against the railing of the bridge, from plunging into the creek below. The car was steered by the wife across the bridge and stopped on the other side of the creek. After the car had been stopped, John Henderson, Lucius Paulk, and David Cockfield came to where the car was standing. Paulk had a pistol, Henderson had a gun, and Albert Pope was in the road with his hand in his overall pocket. Just about the time these defendants reached the car the sound of an approaching automobile was heard, and John Henderson together with his companions ran away. The evidence for the defendant tended to show that, as the car of the deceased approached the defendant, the deceased drew a pistol and commenced shooting at him, and that the defendants merely returned the fire. The wife of the deceased, and the other occupants of the car, denied that the deceased had a pistol. Under this evidence the jury were authorized to find the defendant guilty.

■ Ground one of the motion for new trial complains that the court erred in admitting, over the objection of movant, testimony of Clara Mae McQueen, a witness for the State, that, "the night before this, this Cockfield boy shot me in the hand; shot through the back of Wallace Cornish's car, and shot me. I got shot on Sunday night. David Cockfield shot me." Evidence had been introduced by the State tending to show that movant and the three other defendants indicted with him were at the place where the

killing occurred, and that they had weapons, and that they ran on the approach of another automobile. The evidence objected to was admissible to show motive. Clara Mae McQueen, the deceased's wife, was sitting on the seat of the automobile next to the deceased, at the time of the homicide.

■ Another ground complains that the court erred in admitting to the jury the testimony of Clara Mae McQueen, over objection of movant, that "Just before the shooting we passed two women, when we were going over there. They was going on up the road in front of us. They had not got into the road that leads up to the [turpentine] still. They were just going on up the road, but they were women from the still. We passed them right at the place where the shooting took place, right there at the bridge. The two women's names was Bessie Cason and Leola Graham." This evidence was objected to on the ground that it was irrelevant and inadmissible. Even if the testimony was irrelevant, it was harmless and could not hurt the defendant Henderson.

■ Grounds 3, 4, and 5 complain of the admission in evidence of certain testimony of C. H. Shaw, a deputy sheriff, and two other officers, who testified that they asked Lucius Paulk, one of the defendants indicted in this case, where his pistol was, and he said that he lost it as he was running through Reedy Branch; and "Well, where is the shotgun?" and he said, "Johnnie Henderson had it." I says, "Who used the shotgun?" "He told me that Johnnie Henderson used it. He said that Johnnie Henderson shot him [Robert McQueen] with the shot-gun. The testimony for defendant Lucius Paulk tended to show that defendant had a rifle and not a shotgun. The evidence for the State tended to show that the deceased was killed with shot from a shotgun. The court admitted this evidence for the purpose of impeachment only; and we think it was admissible for that purpose.

■ Ground 6 complains that the charge of the court on the law of conspiracy was unauthorized by the evidence, that there was not sufficient evidence to authorize the charge on conspiracy, and that it was harmful to the defendant. The charge is not open to the criticism aimed at it. There was abundant evidence to support the theory of the State that a conspiracy existed between the defendant on trial and the others jointly indicted with him.

*Judgment affirmed. All the Justices concur.*